**Mitchell L. WATERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 18S00–8605–PC–415.**

Supreme Court of Indiana.

July 10, 1991.

Mitchell L. Waters, pro se.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

This is a direct appeal from the denial of post-conviction relief. In 1979, Waters was convicted of first degree murder and sentenced to life imprisonment. The conviction and sentence was affirmed by this Court. *Waters v. State* (1981), 275 Ind. 182, 415 N.E.2d 711. After examining the evidence submitted in the post-conviction proceedings, the trial court denied relief because Waters failed to meet his bur-

den of proof. Waters now contends that he was denied effective assistance of counsel in the post-conviction proceedings because:

1. Counsel failed to apprise himself of the case law and procedural rules relevant to the case;

2. Counsel failed to gather and introduce the evidence necessary to support the petition; and

3. Counsel's conduct was unreasonable overall.

In *Baum v. State* (1989), Ind., 533 N.E.2d 1200, 1201, we addressed the standard of performance required of post-conviction counsel:

The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1 § 13 of the Constitution of Indiana. A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. (Citation omitted) It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level.

We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Id.* at 1201.

We conclude that the conduct of Waters' post-conviction relief counsel was such that Waters did not receive a fair hearing on his petition, because, although Waters' attorney entered an appearance for him, no ac-

tual legal representation occurred. Accordingly, remand is proper.

The facts are as follow. On February 25, 1985, Waters filed his *pro se* petition for post-conviction relief alleging seven separate grounds for such relief. On March 25, 1985, counsel entered an appearance for Waters. On July 8, 1985, the trial court ordered that the evidence supporting the petition for relief be by affidavit only, and was to be submitted on or before October 3, 1985. Within such time, on September 23, 1985, Waters submitted his affidavits *pro se*. It was not until October 25, 1985, twenty-two days after affidavits were to have been submitted according to the trial court's order, that counsel filed a petition for instructions because the State had filed no counter-affidavits or other evidence. In response to the petition for instructions, the trial court stated that October 3, 1985, was the date by which evidence was to have been submitted by affidavit and that the parties were permitted to file responsive affidavits twenty-one days thereafter. Thus, concluded the trial court, because no responsive affidavits were filed as of October 25, 1985, the matter was deemed submitted to the court. Counsel filed no further petitions, amendments or affidavits on behalf of Waters.

█ In ruling on the relief petition, the trial court found that the affidavits filed by Waters were inadequate for various procedural and technical reasons. These affidavits were filed by Waters *pro se* at the same time that Waters supposedly was being represented by counsel. From our review of the affidavits, we conclude that counsel should have known that the affidavits were technically inadequate and should have taken the necessary steps to present them to the trial court in acceptable form. Counsel, in essence, abandoned his client and did not present any evidence in support of his client's claim. This lack of representation by counsel requires us to remand the case to the trial court and allow Waters to begin anew his quest for post-conviction relief. While we are mindful of and agree with our decision in *Baum* that right to counsel in post-conviction proceedings is not constitutionally guaranteed, we conclude that counsel's lack of representation following the entry of his appearance deprived Waters of a fair hearing.

In view of our decision to remand this matter to the trial court, we do not address the remaining issues raised in Waters' appeal from the denial of post-conviction relief.

Accordingly, we reverse the denial of Waters' request for post-conviction relief, and remand this matter to the trial court for further proceedings.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., dissents without opinion.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. This case presents a mixed bag in that appellant first sought to represent himself *pro se* then hired counsel. Although he was represented by counsel, appellant undertook to take further action on his own including submitting affidavits to the post-conviction court.

Under the circumstances, I think it was the prerogative of counsel to examine the case in its entirety and determine what possible valid issues could be presented to the court. I do not believe he should be required to validate and argue contentions made by appellant regardless of their merit. I see nothing in the record in this case which would indicate that counsel neglected to present issues which, had they been presented, would have resulted in relief.

I find no showing of inadequate representation. I would affirm the trial court.