Lawrence THOMAS, Appellant
(Plaintiff below),

v.

STATE of Indiana, Appellee
(Defendant below).

No. 46S04–0405–PC–233.

Supreme Court of Indiana.

May 31, 2005.

Susan K. Carpenter, Public Defender of Indiana, Mario Joven, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 46A04–0306–PC–295.

SULLIVAN, Justice.

The Court of Appeals held that Lawrence Thomas had been the victim of ineffective assistance of trial counsel and was entitled to have his conviction for Murder set aside. The basis for this conclusion was that his lawyer had not objected when the trial court did not instruct the jury on the specific elements of the crime of dealing in cocaine, the felony underlying the State's Felony Murder charge. However, Thomas was not harmed by this omission because he was properly charged with, and the jury properly instructed on, the charge of Knowing or Intentional Murder.

## Background

A decade ago, petitioner Lawrence Thomas was convicted of Murder. He appealed that conviction but the Court of Appeals affirmed in an unpublished opinion. *Thomas v. State*, 659 N.E.2d 266 (Ind.Ct.App.1995) (mem.). Utilizing the "post-conviction relief" rules adopted by this Court that permit persons to challenge their convictions and sentences even after they have been affirmed on appeal, Thomas sought to have his conviction set aside. The post-conviction court denied his request; its decision was reversed by the Court of Appeals. *Thomas v. State*, 803 N.E.2d 1218 (Ind.Ct.App.2004). We granted the State's petition to transfer, *Thomas v. State*, 812 N.E.2d 806, (Ind. 2004) (mem.), and now affirm the decision of the post-conviction court.

## Discussion

█ Under Indiana law, a person can be guilty of the crime of Murder in several ways. One such way is by knowingly or intentionally killing another human being. A second is by killing another human being while committing or attempting to commit certain felonies such as arson, burglary, or dealing in cocaine. The first of these two ways is often referred to as the crime of "Knowing or Intentional Murder," and is established by Indiana Code § 35–

42–1–1(1); the second as "Felony Murder," established by Indiana Code § 35–42–1–1(3). The difference between what the State must prove to obtain a conviction for each of these two types of murder is that, for Knowing or Intentional Murder, the State must prove that the killing was committed "knowingly or intentionally"; for Felony Murder, the State need not prove that the defendant acted with any particular mental state—the killing could be totally accidental—so long as the State does prove that the killing occurred while the defendant was committing (or attempting to commit) a specified felony.

In the case before us, it appears that there was a fair amount of imprecision at trial over whether Thomas was being tried for Knowing or Intentional Murder or for Felony Murder. In this collateral attack on his conviction, Thomas essentially contends that he was denied his Sixth Amendment right to the effective assistance of trial and appellate counsel because his counsel did not rectify the imprecision.

We find it unnecessary to set forth the underlying facts of the crime of which Thomas was convicted. The interested reader is referred to the opinion of the Court of Appeals in this regard. *Thomas,* 803 N.E.2d at 1220–21. It is enough for our purposes to say that the charging information in this case alleged that Thomas was guilty of Felony Murder because he had "knowingly or intentionally kill[ed] another human being, namely Sheldon Byrd while dealing in cocaine or a narcotic drug (Ind.Code 35–48–4–1) . . . ." Tr. at 79.

The imprecision in the charging instrument should be apparent. While it alleges that Thomas was guilty of Felony Murder, it sets forth all of the elements necessary to convict a person of Knowing or Intentional Murder, in addition to including a felony that would support a conviction for Felony Murder. Put differently, while proving either the elements of Felony Murder alone or the elements of Knowing or Intentional Murder alone would be enough to convict him of the crime of Murder, by charging Thomas in this way, the State suggested that it would attempt to prove him guilty both of Felony Murder and also of Knowing or Intentional Murder. *See Griffin v. State,* 717 N.E.2d 73, 85 (Ind.1999) (where a Felony Murder jury instruction misstated the law by adding language requiring specific culpability).

This imprecision carried through to the instructions given to the jury at Thomas's trial. It was given both a preliminary and a final instruction that read as follows:

> The statute defining the offense of Murder, which was in force at the time of the offense charged reads (in part) as follows:
>
> 35–42–1–1(3)
>
> A person who: knowingly or intentionally kills another human being; while committing or attempting to commit: (A) dealing in cocaine or a narcotic drug (Ind.Code 35–48–4–1), commits murder, a felony.

Tr. at 27.

The jury returned a verdict of guilty and the trial court sentenced Thomas to 40 years in prison, the standard sentence for Murder at the time. *Thomas,* 803 N.E.2d at 1221. Neither the jury's verdict nor the trial court's judgment of conviction or sentencing order distinguished between Knowing or Intentional Murder and Felony Murder.

▮ In its opinion, the Court of Appeals resolved this ambiguity by concluding that Thomas was charged and convicted of Felony Murder. *Thomas,* 803 N.E.2d at 1221. Our reading of the record, however, compels us to conclude otherwise. While the jury verdict, court judgment, and sentencing order were silent as to whether Thom-

as was convicted of Knowing or Intentional Murder or Felony Murder, both the charging information and jury instructions contain each of the elements of Knowing or Intentional Murder. We therefore conclude in light of the jury's unanimous verdict, that the State met its burden of proof on the charge of Knowing or Intentional Murder. Our discussion and analysis continues with this finding in mind.

## I

■ In seeking post-conviction relief from his Murder conviction, Thomas contends that his lawyer should have done two things at trial: first, that he should have challenged the jury instruction on grounds that it did not set forth the specific elements of the crime of dealing in cocaine; and second, that he should have challenged the jury verdict on grounds that it did not specify whether it had found him guilty of Knowing or Intentional Murder or of Felony Murder. Thomas also contends that his lawyer on direct appeal should have challenged as "fundamental error" entitling him to reversal of his conviction both the trial court judge's failure to set forth the specific elements of the crime of dealing in cocaine and the trial court judge's failure to determine whether the jury had found him guilty of Knowing or Intentional Murder or of Felony Murder.[1]

■ While it is bedrock law that a defendant in a criminal case is entitled to have the jury instructed on all of the elements of the charged offense, *In re Winship*, 397 U.S. 358, 373–74, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), we perceive no harm to Thomas from the fact that his jury was not instructed on all of the ele-

ments of the offense of dealing in cocaine. This is because the jury was instructed on all of the elements of the offense of Knowing or Intentional Murder, with respect to which the reference to dealing in cocaine was mere surplusage. When the jury found him guilty of Knowing or Intentional Murder, that is to say, that the State had met its burden of proof on each and every element of the offense of Knowing or Intentional Murder, it simply did not matter how completely the jury was instructed on the offense of dealing in cocaine.

■ An individual's Sixth Amendment right to the effective assistance of counsel is not violated unless there is prejudice from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given that the omission of the elements of dealing in cocaine from the jury instruction was totally harmless, trial counsel's failure to seek an instruction on the elements of dealing in cocaine and appellate counsel's failure to claim that the trial judge's failure to give such an instruction constituted fundamental error did not constitute ineffective assistance of counsel. *See Neder v. United States*, 527 U.S. 1, 10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (holding that the omission of an element is subject to harmless-error analysis).

It is important to note that part of the reason why there is no harm here from the failure to instruct on the specific elements of dealing in cocaine is that, even though the charging instrument may have referred to the offense as Felony Murder, Thomas was in fact charged with all of the elements of Knowing and Intentional Murder and each of those elements was con-

---

**1.** As the Court of Appeals pointed out, Thomas's claims of error on the part of the trial court judge (as opposed to his claims that trial and appellate counsel were ineffective for failing to challenge the alleged errors) were available on direct appeal and so cannot be raised in this proceeding. *Thomas*, 803 N.E.2d at 1219 n. 1. We summarily affirm the Court of Appeals on this point. Ind. Appellate Rule 58(A)(2).

tained in the jury charge as well. It would have been a different case entirely if Thomas had been charged with only the elements of Felony Murder; in that circumstance, it would have been necessary to provide the jury with the specific elements of the underlying felony.

## II

 As to Thomas's claim that counsel was ineffective for failing to challenge the form of verdict for failing to specify whether the jury had found him guilty of Knowing or Intentional Murder or of Felony Murder, we again find any error to have been totally harmless. The jury was instructed in such a way that it could not have returned a verdict of guilty without finding that the State had met its burden of proof on all of the elements of Knowing or Intentional Murder. The trial court imposed the standard sentence for Murder; no additional time was imposed for dealing cocaine. In this respect, the case differs from *Hobson v. State*, 675 N.E.2d 1090 (Ind.1996), cited by Thomas. In *Hobson*, the trial court instructed the jury that it could return a verdict of guilty on the charge of Murder under either a Knowing or Intentional Murder or a Felony Murder theory. The court then gave to the jury a general murder verdict form. Because Knowing or Intentional Murder has elements different from Felony Murder, and because it was unclear of which crime the jury found him guilty, we found his conviction defective. *Id.* at 1094–1095. *Cf. Schad v. Arizona*, 501 U.S. 624, 641, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (holding neither the Sixth, Eighth, nor Fourteenth Amendments prohibited conviction where the trial court had instructed the jury that it could return a verdict of guilty on the charge of murder under either a premeditated murder or a felony murder theory).

## III

Since any errors with respect to the failure of the jury instructions to set forth the elements of dealing in cocaine or the failure of the verdict form to distinguish between Knowing or Intentional Murder and Felony Murder were harmless, Thomas was not deprived of his right to effective assistance of appellate counsel when his lawyer did not raise these issues on direct appeal.

## Conclusion

Having previously granted transfer, we summarily affirm the opinion of the Court of Appeals as to the issue discussed in footnote 1 and affirm the judgment of the post-conviction court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.