Kevin TAYLOR, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 20A03–0707–PC–331.

Court of Appeals of Indiana.

March 20, 2008.

Kenneth R. Martin, Goshen, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

After this Court reversed Kevin Taylor's co-defendant Kelly Scott Thomas's conviction for felony murder, Taylor, whose direct appeal of his own conviction for felony murder had not been successful, petitioned for post-conviction relief. At the hearing on his petition, Taylor's post-conviction counsel presented only a copy of Thomas's Court of Appeals decision, declining to present other evidence or the testimony of any witnesses. The post-conviction court denied Taylor's petition, and he now appeals. On appeal, he argues that the trial court committed fundamental error in instructing the jury, that he received ineffective assistance of trial and appellate counsel, and that he was deprived of a fair post-conviction hearing. Taylor's claim of fundamental error is not cognizable on post-conviction review, and no evidence was presented to meet his burden of showing ineffective assistance of trial or appellate counsel. We conclude, however, that Taylor was not represented at his post-conviction hearing in a procedurally fair setting. Therefore, we reverse and remand for a new post-conviction hearing.

### Facts and Procedural History

On the evening of May 19, 2003, Taylor, Thomas, and Stacy Lynn Orue went to Gwen Hunt's apartment in Elkhart, Indiana, to obtain crack cocaine. Orue had previously used drugs in Hunt's residence and knew that she kept drugs and money in her home. At some point, the trio decided to rob Hunt. When they arrived at her apartment, Thomas forced his way through the door and hit Hunt in the head with a pipe. Either Thomas or Taylor then shot Hunt in the back of her head at close range, an injury from which Hunt died the next day. The group stole jewelry, crack cocaine, and money.

Taylor, Thomas, and Orue were all charged with felony murder and tried together during a five-day jury trial spanning January 31 through February 4, 2005. The jury found all three defendants guilty of felony murder. After a sentencing hearing on March 3, 2005, the trial court sentenced Taylor to sixty-five years. On direct appeal, Taylor's counsel raised one issue: whether the trial court erred in denying his motion for a mistrial based upon alleged prosecutorial misconduct. In a unanimous unpublished memorandum decision, we affirmed Taylor's conviction. *Taylor v. State*, No. 20A03–0507–CR–319, 835 N.E.2d 233 (Ind.Ct.App. Sept. 29, 2005).

However, when co-defendant Thomas appealed his conviction on direct appeal, he raised the issue of whether his conviction should be reversed because the jury was not instructed on the elements of robbery. Concluding that the trial court committed fundamental error by not instructing the jury on the elements of robbery-the underlying felony for Thomas's felony murder conviction-we reversed and remanded for a new trial. *Thomas v. State*, No. 20A03–0503–CR–138, slip op. at 5, 844 N.E.2d 229 (Ind.Ct.App. Feb. 3, 2006).

After we issued our opinion on Taylor's direct appeal, he filed a *pro se* Verified Petition for Post–Conviction Relief. In his petition, Taylor argued that he received ineffective assistance of trial counsel because of counsel's failure to object to the trial court's final instructions which failed to instruct the jury as to the elements of robbery. Appellant's App. p. 16–19. A hearing was held on Taylor's petition for post-conviction relief on December 22, 2006. At the hearing, Taylor's counsel did not present any testimonial or documentary evidence in support of Taylor's claim but argued solely that the *Thomas* decision was binding upon the post-conviction

court and dispositive of the issue. Defense counsel later requested leave to file a brief in support of the petition, which the post-conviction court granted. In his brief, submitted March 1, 2007, Taylor argued that he also received ineffective assistance of appellate counsel for appellate counsel's failure to raise this issue on direct appeal. *Id.* at 31. With the brief, he submitted a copy of the *Thomas* decision, the chronological case summary from Taylor's underlying criminal case, and our decision on Taylor's direct appeal, and posited that the "*Thomas* case is controlling; that is the law of the case, and therefore applicable and binding on this Court pursuant to Appellate Rule 65(D). Furthermore, this Court must take judicial notice of the Court of Appeals' decision in the *Thomas* case pursuant to Indiana Rules of Evidence, Rule 201(b) and (d)." *Id.* at 32. He contended, "Since the Court of Appeals found there was fundamental error in Thomas' case, then this court must likewise find that there was fundamental error in Kevin Taylor's trial because Taylor and [Thomas] were tried together and Thomas' case is the rule of the case." *Id.* The post-conviction court denied Taylor's petition, and he now appeals.

## Discussion and Decision

■ On appeal, Taylor raises four issues, which we rephrase as: (1) whether the trial court committed fundamental error in failing to instruct the jury regarding the elements of robbery, (2) whether the post-conviction court erred in finding that he did not receive ineffective assistance of trial counsel, (3) whether the post-conviction court erred in finding that he did not receive ineffective assistance of appellate counsel,[1] and (4) whether he was deprived of a procedurally fair post-conviction hearing.[2]

■ Taylor appeals the denial of post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment, *Fisher v. State*, 810 N.E.2d 674, 679 (Ind.2004), and we will not reverse the judgment unless the evidence unerringly and unmistakably leads to the opposite conclusion, *Patton v. State*, 810 N.E.2d 690, 697 (Ind.2004). We also note that the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). We will reverse a post-conviction court's findings and judgment only upon a showing of clear

1. Although Taylor did not expressly argue in his petition for post-conviction relief that he received ineffective assistance of appellate counsel, this claim was a focus during the evidentiary hearing and was also addressed by the trial court in its order denying relief. The issue was briefed by both parties, and we therefore elect to address it on appeal.

2. Taylor initially articulates his argument on this point as "[w]hether the Defendant received ineffective assistance from his post-conviction counsel due to counsel's failure to elicit any testimony or introduce any evidence at the post-conviction hearing as to trial counsel's performance or appellate counsel's per-

formance." Appellant's Br. p. 1. A claim of ineffective assistance of post-conviction counsel under the Sixth Amendment poses no cognizable ground for relief. *Matheney v. State*, 834 N.E.2d 658, 663 (Ind.2005) (citing *Graves v. State*, 823 N.E.2d 1193, 1195–97 (Ind.2005); *Baum v. State*, 533 N.E.2d 1200, 1200 (Ind.1989)). However, Taylor's argument in his brief and the case upon which he relies, *Bahm v. State*, 789 N.E.2d 50 (Ind.Ct.App.2003), *clarified on reh'g on other grounds*, 794 N.E.2d 444 (Ind.Ct.App.2003), *trans. denied*, make it apparent that his actual argument is that he did not receive a procedurally fair hearing.

error, which is that which leaves us with a definite and firm conviction that a mistake has been made. *Hall v. State,* 849 N.E.2d 466, 468 (Ind.2006). Such deference is not given to conclusions of law, which we review *de novo. Chism v. State,* 807 N.E.2d 798, 801 (Ind.Ct.App.2004).

We begin by noting that Taylor raises a freestanding claim of fundamental error. The Indiana Supreme Court has expressly held that fundamental error claims are not available in post-conviction proceedings. *Sanders v. State,* 765 N.E.2d 591, 591 (Ind.2002). In post-conviction proceedings, claims that are known and available at the time of direct appeal, but are not argued, are waived. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind.2001), *reh'g denied.* They cannot be subsequently raised in the post-conviction setting. *Reed v. State,* 856 N.E.2d 1189, 1193–94 (Ind. 2006). Despite Taylor's argument that we should entertain his freestanding claim for the purpose of judicial economy, the law is clear that we may not do so. His freestanding claim of jury instruction error is waived.

An exception to the waiver rule, however, is the argument that a defendant was deprived of the right to effective counsel as guaranteed by the Sixth Amendment to the United States Constitution. *See Sanders,* 765 N.E.2d at 592. This claim may be raised for the first time in a petition for post-conviction relief. *Woods v. State,* 701 N.E.2d 1208, 1210 (Ind.1998), *reh'g denied.* We therefore proceed to address Taylor's arguments regarding the performance of his trial and appellate counsel. We review the effectiveness of trial and appellate counsel under the two-part test provided by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bieghler v. State,* 690 N.E.2d 188, 192–93 (Ind.1997), *reh'g denied.* A claimant must demonstrate that

counsel's performance fell below an objective level of reasonableness based upon prevailing professional norms and that the deficient performance resulted in prejudice. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. "Prejudice occurs when the defendant demonstrates that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Grinstead v. State,* 845 N.E.2d 1027, 1031 (Ind.2006) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

## I. Ineffectiveness of Trial Counsel

Taylor argues that he received ineffective assistance of trial counsel because his attorney did not object to the trial court's failure to instruct the jury regarding the elements of robbery. Specifically, Taylor contends in his brief that "his counsel's failure to object to the lack of a jury instruction on the offense of robbery created a reasonable probability that the results of the guilt phase would have been different." Appellant's Br. p. 8.

At the post-conviction hearing, Taylor's counsel offered into evidence this Court's memorandum decision in *Thomas,* which reversed Taylor's co-defendant's identical conviction based upon fundamental error. When defense counsel offered the opinion into evidence, the State objected, arguing that the offer was untimely, that the foundation was improperly laid, and that the evidence was irrelevant. Post–Conviction Hrg. Tr. p. 11. The post-conviction court declined to rule upon the offer of admission, explaining:

> Well, you know, whether Exhibit A is admitted or not, I've read the opinion. I know what it says. . . . I'll give it to the court reporter. I don't think that I need to rule one way or the other. I've read it, and my guess is the Court of Appeals has read it too.

*Id.* at 12. From this statement, although the post-conviction court declined to rule upon the offer and the corresponding objection, we infer that the court took judicial notice of the existence and content of our *Thomas* decision. Ind. Evidence Rule 201(b). At the post-conviction hearing, Taylor's counsel contended that the *Thomas* decision proved that the trial court committed fundamental error in instructing the jury during the co-defendants' joint trial.

We disagree. The record evidences only that the trial court failed to instruct the jury on the elements of robbery in regard to Thomas. Appellant's App. p. 43. We are presented with no verification that the jury did not, in fact, receive a robbery instruction as to Taylor. Undoubtedly, if the trial transcript were presented and reflected that no robbery instruction was given pertaining to Taylor, this would prove error. *Thomas v. State*, 827 N.E.2d 1131, 1134 (Ind.2005) ("[I]t is bedrock law that a defendant in a criminal case is entitled to have the jury instructed on all the elements of the charged offense...."). However, this is simply something that we cannot presume.

■ Here, we are presented with no means by which we can evaluate the error and prejudice allegedly suffered by Taylor because we have not been provided with a transcript of the trial. As our Supreme Court has previously observed, "[i]t is practically impossible to gauge the performance of trial counsel without the trial record...." *Tapia v. State*, 753 N.E.2d 581, 588 n. 10 (Ind.2001); *see also Bahm v. State*, 789 N.E.2d 50, 61 (Ind.Ct.App.2003), *clarified on reh'g on other grounds*, 794 N.E.2d 444 (Ind.Ct.App.2003), *trans. denied.* No transcript of the underlying trial was tendered to the post-conviction court. Although there was some discussion during the post-conviction hearing about ad-

mitting the trial transcript into evidence, the transcript was never offered into evidence, Post–Conviction Hrg. Tr. p. 10, 12, and the law is clear that, as a general rule, a post-conviction court may not take judicial notice of the trial transcript, *Bonds v. State*, 729 N.E.2d 1002, 1006 (Ind.2000). Whether a defendant received ineffective assistance of counsel is a highly fact-sensitive determination. Lacking a record with which we can evaluate Taylor's claim, we cannot say that he has met his burden of proving that he was subjected to error and prejudiced by his trial counsel's alleged failure to object to the jury instruction. Taylor therefore failed to prove that he received ineffective assistance of trial counsel.

## II. Ineffectiveness of Appellate Counsel

■ Taylor next argues that he received ineffective assistance of appellate counsel because of his appellate attorney's failure to raise the issue of whether the trial court's failure to instruct the jury on the elements of robbery constituted fundamental error. We rarely find appellate counsel's performance ineffective when the issue is counsel's failure to raise a claim on direct appeal. *Sanders v. State*, 764 N.E.2d 705, 714 (Ind.Ct.App.2002) (citing *Bieghler*, 690 N.E.2d at 193), *trans. denied.* "If an instruction is not fundamentally erroneous, then counsel is not ineffective for failing to object at trial, or failing to raise the issue on appeal." *Id.* at 715.

Here, Taylor failed to prove that he received ineffective assistance of trial counsel. Likewise, he has failed to show ineffective assistance of appellate counsel for failing to raise the claim on appeal. *See also Davis v. State*, 819 N.E.2d 863, 870 (Ind.Ct.App.2004) ("[B]ecause we have determined that Davis did not receive ineffective assistance of trial counsel, he can

neither show deficient performance nor resulting prejudice as a result of his appellate counsel's failure to raise this argument on appeal."), *trans. denied; Smith v. State,* 792 N.E.2d 940, 945 (Ind.Ct.App.2003) ("As we find Smith's [trial] counsel was not ineffective, appellate counsel did not err in failing to raise this issue on direct appeal."), *trans. denied.* As he has failed to present a record reflecting error, Taylor has not shown that he received ineffective assistance of appellate counsel.

### III. Post–Conviction Counsel

 Finally, Taylor argues that he was deprived of a procedurally fair post-conviction hearing. Our Supreme Court first announced the standard for reviewing the performance of post-conviction counsel in *Baum v. State,* 533 N.E.2d 1200, 1201 (Ind.1989):

> The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Constitution of Indiana. A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level.
>
> We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland....*

(Citations omitted). Where we determine that a petitioner was denied a procedurally fair setting for review of the petition, we will remand for new post-conviction proceedings. *See Waters v. State,* 574 N.E.2d 911, 912 (Ind.1991).

Since *Baum,* several Indiana decisions have further examined what constitutes a procedurally fair setting. In *Waters,* our Supreme Court reviewed the denial of post-conviction relief in a situation where the trial court ordered that the evidence supporting the petition for relief be by affidavit only. Although post-conviction counsel entered an appearance, all affidavits in support of the petition were submitted by the defendant *pro se* and were technically inadequate. The Court found that, by "not present[ing] any evidence in support of his client's claim," counsel "in essence, abandoned his client." *Id.* Thus, the Court found that Waters was "deprived ... of a fair hearing." *Id.* This approach was reiterated in *Graves v. State,* 823 N.E.2d 1193 (Ind.2005), and *Matheney v. State,* 834 N.E.2d 658 (Ind.2005). The Court noted in Graves that counsel appeared at the post-conviction hearing, examined the petitioner, and tendered two relevant affidavits, *Graves,* 823 N.E.2d at 1197, and in *Matheney* that post-conviction counsel presented claims that counsel believed were likely to prevail rather than arguing other claims, *Matheney,* 834 N.E.2d at 663. Such conduct by post-conviction counsel did not amount to abandonment of their clients, and neither petitioner was found to have been deprived of a procedurally fair setting.

In a case almost identical to the one before us today, however, this Court determined that post-conviction counsel's performance denied the petitioner a fair hearing. As in *Waters,* wherein counsel presented no evidence in support of his client's claim, in *Bahm* (not to be confused

with *Baum*), counsel appeared at the post-conviction hearing and presented no evidence in support of his client's claim. "While Bahm's counsel appeared at the post-conviction hearing and made legal arguments," we observed that "[c]ounsel presented no evidence at the post-conviction hearing to support Bahm's petition— he did not call any witnesses, submit any affidavits, or even submit the direct appeal record." *Bahm*, 789 N.E.2d at 61. Noting that counsel should have known the necessity of presenting the trial record to the post-conviction court, *id.*, we found that "[c]ounsel's failure to present any evidence deprived Bahm of a fair hearing," *id.* at 62.

In this case, counsel appeared at the post-conviction hearing and argued only that the appellate decision in Taylor's co-defendant's case warranted relief for Taylor. However, precisely as in *Bahm*, counsel called no witnesses, presented no affidavits, and did not submit the trial record. Such sparse information rendered it impossible for the post-conviction court to conduct the necessary *Strickland* analysis. We find that counsel effectively abandoned Taylor at the post-conviction hearing by failing to present evidence in support of his claim. *See Waters*, 574 N.E.2d at 912. Therefore, we conclude that Taylor was deprived of a procedurally fair hearing and that he is entitled to a new post-conviction hearing. *Id.* Because the deprivation of a procedurally fair hearing undermined the process by which the post-conviction court evaluated Taylor's ineffective assistance of counsel claims, he is entitled to raise these claims again during his new hearing and to receive a ruling on their merits.

### Conclusion

Based upon the evidence submitted to the post-conviction court, the court did not err in finding that Taylor failed to establish that he received ineffective assistance of trial or appellate counsel. However, we conclude that Taylor was deprived of a procedurally fair hearing due to the performance of his post-conviction counsel. Therefore, we reverse and remand for a new post-conviction hearing.

SHARPNACK, J., and BARNES, J., concur.