Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 23 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN A. HAWKINS**
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN A. HAWKINS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1108-PC-424 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-9708-PC-127418

**April 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

John A. Hawkins, pro se, appeals the trial court's denial of his petition for post-conviction relief. Specifically, Hawkins contends that his post-conviction counsel rendered ineffective assistance such that he was deprived of a procedurally fair post-conviction hearing. We disagree and affirm.

**Facts and Procedural History**

On January 12, 1999, a jury found Hawkins guilty of murder. The relevant facts as recited by our supreme court on direct appeal are as follows:

> In the early evening hours of August 21, 1997, Rogshan Love and Steven Webber were walking along 19[th] and Decker Street in Indianapolis. Driving a green Chevy Caprice, John Hawkins stopped the car, pointed a shotgun out the window, fired the weapon at Love, and drove away. A later autopsy revealed that Love died as a result of multiple shotgun wounds to the neck and chest.
>
> Hawkins was ultimately arrested and charged with Love's murder. After a trial by jury, he was convicted as charged and later sentenced by the court to the maximum term of sixty-five years imprisonment.

*Hawkins v. State*, 748 N.E.2d 362, 363 (Ind. 2001). On February 8, 2001, the trial court granted Hawkins permission to file a belated appeal. Hawkins asserted that the evidence was insufficient to sustain his conviction and that he should not have received an enhanced sentence. *Id.* Our supreme court disagreed with both assertions and affirmed Hawkins's conviction on May 24, 2001. *Id.*

On April 1, 2002, Hawkins filed a pro se petition for post-conviction relief that was subsequently withdrawn on January 3, 2006. Thereafter, on May 20, 2008, Hawkins filed another pro se petition for post-conviction relief. On January, 6, 2010, attorney Janet G.

Mallett entered an appearance on behalf of Hawkins. The post-conviction court held an evidentiary hearing on March 22, 2011. Mallett appeared and argued ineffective assistance of appellate counsel due to appellate counsel's failure to raise ineffective assistance of trial counsel in the direct appeal. Attorney Mallett also argued the existence of other issues of fundamental error, including prosecutorial misconduct, denial of the right to confrontation, and denial of Hawkins's right to testify in his own behalf. Attorney Mallett called Hawkins as a witness, and Hawkins testified in support of these allegations of error. Although Attorney Mallett did not introduce the trial transcript into evidence, the post-conviction court sua sponte took judicial notice of the record. Attorney Mallett did not present Hawkins's trial or appellate counsel as witnesses. The post-conviction court issued its findings of fact, conclusions of law, and order denying Hawkins's petition on July 8, 2011. This pro se appeal followed.

**Discussion and Decision**

Hawkins appeals the trial court's denial of his petition for post-conviction relief. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002), *cert. denied* (2003).

3

When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007). Accordingly, we may not reverse the post-conviction court's judgment unless the petitioner demonstrates that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not give deference to the post-conviction court's conclusions of law. *Davidson*, 763 N.E.2d at 443-44. On appeal, we may not reweigh the evidence or reassess the credibility of witnesses. *Id.* at 444.

Hawkins's sole assertion on appeal is that his post-conviction counsel provided ineffective assistance such that he was deprived of a procedurally fair post-conviction hearing. There is no constitutional right to counsel in post-conviction proceedings under either the federal or state constitution. *Hill v. State*, 960 N.E.2d 141, 145 (Ind. 2012). Therefore, rather than applying the rigorous standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), we instead judge post-conviction counsel by a lesser standard based on due-course-of-law principles. *Id.* When evaluating post-conviction counsel, courts inquire whether "'counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court.'" *Id.* (quoting *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989)). Where we determine that a petitioner was denied a procedurally fair setting for review of the petition, we will remand for new post-conviction proceedings. *Waters v. State*, 574 N.E.2d 911, 912 (Ind. 1991).

Hawkins relies on several cases in which, despite appearance by counsel in the post-conviction proceedings, counsel essentially abandoned the petitioner by failing to present evidence to support his client's post-conviction claims. In *Waters*, post-conviction counsel entered an appearance, but all affidavits in support of the petition were submitted by the defendant pro se and were technically inadequate. *Id*. Our supreme court found that, by "not present[ing] any evidence in support of his client's claim," counsel "in essence, abandoned his client." *Id*. This lack of representation by counsel resulted in deprivation of a fair post-conviction hearing and remand was warranted. *Id*. Similarly, in *Bahm v. State*, 789 N.E.2d 50 (Ind. Ct. App. 2003), *clarified on reh'g*, 794 N.E.2d 444, *trans. denied*, counsel appeared at the post-conviction hearing and made legal arguments; however, counsel did not call any witnesses, submit any affidavits, or submit the direct appeal record. We concluded that counsel's failure to present any evidence deprived the defendant of a fair hearing and remanded for further proceedings. *Id*. at 61.[1] Finally, in *Taylor v. State*, 882 N.E.2d 777 (Ind. Ct. App. 2008), although counsel appeared at the post-conviction hearing, counsel called no witnesses, presented no affidavits, and did not submit the trial record. Consequently, we concluded that counsel effectively abandoned the defendant at the post-

---

[1] We note that Indiana courts previously maintained that "[a] post-conviction court may not take judicial notice of the transcript of evidence from the original proceedings unless exceptional circumstances exist." *Bahm*, 789 N.E.2d at 58. Consequently, in order to establish claims of ineffective assistance, our courts stressed that the original trial transcript must be submitted by post-conviction counsel and entered into evidence at the post-conviction hearing just like any other exhibit. *See State v. Hicks*, 525 N.E.2d 316, 317 (Ind. 1988). An amendment to our evidence rules effective January 1, 2010, now permits judicial notice of "records of a court of this state." *See* Ind. Evidence Rule 201(b)(5).

conviction hearing by failing to present evidence in support of his claim. *Id*. at 784. Thus, we reversed and remanded for a procedurally fair post-conviction hearing. *Id*.

Here, unlike the cases cited by Hawkins, counsel not only appeared on behalf of Hawkins, but she also presented evidence and argued in support of Hawkins's allegations of error. Mallett directed the post-conviction court to case law supporting Hawkins's claimed errors. Mallett called Hawkins as a witness and permitted him to testify and explain the instances of alleged trial counsel ineffectiveness that should have been raised on direct appeal.

Hawkins makes much of the fact that Mallett presented neither his trial nor appellate counsel as witnesses in the post-conviction proceedings and also that she failed to tender the trial transcript. First, Hawkins has not demonstrated that either his trial or appellate counsel was available to testify on his behalf or that their testimony would have corroborated his allegations. He asks that we speculate that attorney Mallett simply failed to present favorable testimony. We will not engage in such speculation. Moreover, despite attorney Mallett's failure to tender Hawkins's trial record as an exhibit during the post-conviction proceedings, we note that the post-conviction court sua sponte took judicial notice of the same.[2] Appellant's App. at 84; *see Mitchell v. State*, 946 N.E.2d 640, 644 (Ind. Ct. App. 2011) (post-conviction court may judicially notice the transcript of evidence from underlying

---

[2] We are somewhat baffled that, in its findings, the post-conviction court indicates that it lacked the trial record. As noted, the post-conviction court could and did sua sponte take judicial notice of its records. Accordingly, the trial record was properly before the post-conviction court and Attorney Mallett cannot be said to have abandoned her client for failing to specifically tender the transcript as an exhibit.

criminal proceedings to appraise counsel's performance and evaluate claims of ineffective assistance) (citing Ind. Evidence Rule 201(b)(5)), *trans. denied.*

We cannot say that Mallett abandoned Hawkins such that he was deprived of due course of law. Hawkins has not met his burden to show that he was deprived of a procedurally fair post-conviction hearing. Remand for a new hearing is unwarranted. *See Graves v. State*, 823 N.E.2d 1193, 1197 (Ind. 2005) (post-conviction counsel who appeared at post-conviction hearing, directly examined defendant, and tendered two affidavits found not to have abandoned defendant); *see also Matheney v. State*, 834 N.E.2d 658, 663 (Ind. 2005) (post-conviction counsel's choice of claim he believed likely to prevail was not abandonment and did not deprive defendant of a procedurally fair post-conviction proceeding). The judgment of the post-conviction court is affirmed.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.