**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Oct 18 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHAD MUSICK**
Carlisle, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHAD MUSICK, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 18A04-1302-PC-61 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne Voorhees, Judge
Cause No. 18C01-0703-FA-2

**October 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Chad Musick appeals the denial of his petition for post-conviction relief ("PCR petition"), which challenged his conviction for Class A felony possession of cocaine. We affirm in part, reverse in part, and remand.

**Issue**

Musick raises two issues, but we address only one dispositive issue: whether Musick received ineffective assistance of post-conviction counsel.

**Facts**

For purposes of this appeal we need not recite in detail the facts behind Musick's conviction. On November 2, 2007, a jury found Musick guilty of Class A felony possession of cocaine. Following denial of a motion to correct error, Musick appealed his conviction, challenging the trial court's denial of a motion to suppress, the sufficiency of the evidence supporting his convictions, whether there was juror misconduct during his trial, and the appropriateness of his sentence. We affirmed Musick's conviction and sentence, and our supreme court denied transfer. See Musick v. State, No. 18A02-0803-CR-310 (Ind. Ct. App. Dec. 12, 2008), trans. denied.

On March 5, 2009, Musick filed a pro se PCR petition. The petition generally alleged that Musick received ineffective assistance of trial counsel because counsel failed to file a motion to suppress, failed to call witnesses, and failed to object to improper evidence. It also alleged that Musick received ineffective assistance of appellate counsel based on failure to raise a jury instruction issue on direct appeal. On March 18, 2009,

2

this court released the transcript from Musick's direct appeal to his attorney, Hilary Bowe Ricks, at Musick's request.[1] Ricks returned the transcript to this court on February 4, 2011 and there is no record on this court's docket that it was ever withdrawn again by anyone. Ricks withdrew her appearance of Musick on May 26, 2011. On May 15, 2012, attorney Michael Alexander filed an appearance on Musick's behalf. Alexander did not attempt to amend Musick's pro se petition.

The PCR court conducted a hearing on Musick's petition on September 19, 2012. Alexander did not present any evidence or call any witnesses, aside from calling Musick himself to the stand. Alexander also did not bring an original or copy of the trial transcript to the hearing, although he indicated that he had the transcript in his possession but "I didn't carry it over here today . . . ." Tr. p. 12. Musick testified that he believed trial counsel should have called certain witnesses on his behalf, including witnesses who could have attacked the veracity of one of the State's key eyewitnesses against him. Musick also made general reference to there being evidence that he believed trial counsel should have objected to and also possibly a question the jury asked during deliberations. Alexander asked if Musick "would be able to show better by reference to pages of your transcript" in addressing trial counsel's failure to object, and Musick responded in the affirmative. Id. at 9. Alexander made no legal argument to the post-conviction court at the conclusion of the hearing, and also stated, with the prosecutor's acquiescence, that he

---

[1] Ricks did not enter an appearance on behalf of Musick until May 12, 2010. Until that time, Musick was officially represented by the State Public Defender after the filing of his pro se PCR petition; the State Public Defender thereafter withdrew its appearance.

3

would submit the trial transcript to the court at a later date; he also requested thirty days to prepare proposed findings and conclusions, which the court granted. The court later granted Alexander an additional sixty days to submit proposed findings and conclusions.

On January 8, 2013, after the deadline for Alexander to submit proposed findings and conclusions had passed without any submission from him, the post-conviction court entered its order denying Musick's PCR petition. The order began by stating that the court had taken "judicial notice of the Chronological Case Summary in both cause numbers, the pleadings in the court files in both cases, and the evidence submitted by the parties in this case." App. p. 24. As for the trial transcript, however, the court stated that it "never received the transcript from counsel."[2] Id. It also noted that Musick had failed to call either his trial or appellate attorneys as witnesses at the PCR hearing and, therefore, it would infer that they would not have presented evidence or testimony supporting Musick's ineffective assistance claims. It further observed that although Musick had generally claimed his trial attorney failed to make proper objections, he did not indicate via the transcript what objections should have been made. The court ultimately found Musick failed to prove his claims of ineffective assistance of trial and appellate counsel and denied his PCR petition. Musick now appeals pro se.

**Analysis**

---

[2] The court also stated that it had reviewed this court's online docket and discovered that Ricks had never returned the transcript to this court after checking it out. As stated earlier, however, the docket does indicate that Ricks returned the transcript to this court on February 4, 2011. Unfortunately, however, the docket does not reveal that Alexander ever checked out the transcript, even though he said at the post-conviction hearing that he had it in his possession.

4

PCR proceedings are civil in nature, and a defendant bears the burden of establishing his or her claims by a preponderance of the evidence. Smith v. State, 822 N.E.2d 193, 198 (Ind. Ct. App. 2005), trans. denied. A defendant appealing the denial of a PCR petition is challenging a negative judgment. Id. A defendant must convince this court that there is no way within the law that the court below could have reached the decision it did. Id. We will not defer to the PCR court's legal conclusions, but we do accept its factual findings unless they are "clearly erroneous." Id.

On appeal, Musick makes no argument that the post-conviction court erred in rejecting his claim of ineffective assistance of appellate counsel. He does argue that it erred with respect to his claim of ineffective assistance of trial counsel. However, we focus on the preliminary issue Musick raises, which is whether he received ineffective assistance of post-conviction counsel.

Post-conviction proceedings are technically civil in nature, and a post-conviction relief petitioner has no right to counsel under either the United States or Indiana Constitutions. Baum v. State, 533 N.E.2d 1200, 1201 (Ind. 1989). Therefore, our supreme court has held that the performance of an attorney representing a post-conviction relief petitioner should not be judged by the ineffective assistance of counsel standard outlined in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Id. Rather,

post-conviction counsel is deemed adequate if he or she in fact appeared and represented the petitioner in a procedurally fair setting that resulted in a judgment of the court.[3] Id.

A post-conviction relief attorney must be more than just a "warm body," however. For example, in Waters v. State, 574 N.E.2d 911, 911-12 (Ind. 1991), our supreme court held that a post-conviction petitioner received ineffective assistance of post-conviction counsel where, although the attorney entered an appearance, "no actual legal representation occurred." There, the post-conviction court ordered the case submitted on affidavits; the petitioner on his own submitted inadequate affidavits to the court without assistance from the attorney and the post-conviction court denied the petition. Our supreme court stated that under these facts, "Counsel, in essence, abandoned his client and did not present any evidence in support of his client's claim." Id. at 912.

Of particular relevance to Musick's case are Bahm v. State, 789 N.E.2d 50 (Ind. Ct. App. 2003), trans. denied, and Taylor v. State, 882 N.E.2d 777 (Ind. Ct. App. 2008). In both cases, we found that a post-conviction relief petitioner received ineffective assistance of post-conviction counsel where the attorney failed to submit any evidence, in particular the trial transcript, in support of the petitioner's claim of ineffective assistance of trial counsel. Bahm, 789 N.E.2d at 61-62; Taylor, 882 N.E.2d at 783. We noted that "'[i]t is practically impossible to gauge the performance of trial counsel without the trial

---

[3] Musick argues extensively that the Baum standard should be revisited in light of developments in federal law that have made it much harder for prisoners to seek and obtain federal habeas corpus relief, thus placing more emphasis on state collateral proceedings. Putting aside the fact that we are bound to follow Baum, Musick has adequately stated a claim of ineffective assistance of post-conviction counsel under that case so we need not address that argument.

6

record'" and that it is "impossible for the post-conviction court to conduct the necessary Strickland analysis" if no evidence, including the trial record, is introduced in support of an ineffective assistance claim. Taylor, 882 N.E.2d at 782, 784 (quoting Tapia v. State, 753 N.E.2d 581, 588 n.10 (Ind. 2001)).

Here, as in Bahm and Taylor, Alexander presented absolutely no evidence in support of Musick's ineffective assistance of trial counsel claims, aside from calling Musick to the stand and allowing Musick to testify as to why he thought trial counsel was ineffective. Musick easily could have done so without counsel's assistance. Most egregiously, Alexander did not bring the transcript to the post-conviction hearing or ever provide the post-conviction court with a copy of it. This is especially troubling, given that Alexander asked Musick questions at the hearing indicating the difficulty of making his arguments without being able to refer to specific parts of the transcript, and Alexander's representation at the hearing that he had the transcript in his possession and would provide the post-conviction court with it at a later date.

It is true that after Bahm and Taylor were decided, Indiana Evidence Rule 201(b) was amended to permit courts to take judicial notice of "records of a court of this state." Prior to this amendment, post-conviction courts could not take judicial notice of a direct appeal record and transcript, but they are now permitted to do so in order to evaluate claims of ineffective assistance of counsel. Mitchell v. State, 946 N.E.2d 640, 644 (Ind. Ct. App. 2011), trans. denied. The prohibition against taking judicial notice of a direct appeal record and transcript in post-conviction proceedings was part of the basis of our

holdings in <u>Bahm</u> and <u>Taylor</u> that post-conviction counsels were ineffective for not providing the trial records to the post-conviction courts.

Still, "judicial notice" does not mean that a court has some kind of telepathic knowledge of the material to be noticed. There still must be some indication that the court <u>actually</u> noticed the material and <u>actually</u> considered it when making a ruling. The post-conviction court here did not actually consider the trial transcript before ruling on the PCR petition. And although the post-conviction judge in this case also was the judge in Musick's original trial, we should not presume she remembered all the details of his trial that had taken place approximately five years before the post-conviction hearing. Here, the post-conviction court was relying upon Alexander to provide it with a copy of the trial transcript. When he did not do so, the court was not required to take judicial notice of the trial transcript, its own efforts to locate the transcript apparently were fruitless, and it ruled upon on Musick's petition without having reviewed that transcript.

We further observe that Alexander appears to have provided even less representation than the post-conviction attorneys in <u>Bahm</u> and <u>Taylor</u>. The attorneys in those cases at least made some legal arguments on behalf of their clients. Alexander, however, never made any type of written or oral legal argument on Musick's behalf, despite the post-conviction court giving him first thirty, then an additional sixty days to file proposed findings and conclusions. The State posits that Alexander may have evaluated Musick's claims, decided they were meritless, and reasonably decided not to make any legal arguments. In support of this position the State cites a dissent by Justice

8

Givan in <u>Waters</u>. Whatever the merits of that dissent, we are bound to follow the majority opinion in <u>Waters</u>.

Finally, Alexander failed to call Musick's trial attorney as a witness at the post-conviction hearing. As noted by the post-conviction court, this permitted an inference that trial counsel would not have corroborated Musick's claims of ineffective assistance. <u>See</u> <u>Oberst v. State</u>, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010), <u>trans. denied</u>. Musick thus was severely hampered from litigating his ineffective assistance claim because he was precluded from examining trial counsel's strategy as to why he decided not to call certain witnesses or ask certain questions or present certain evidence or make certain objections. Whether such examination could have proven fruitful is impossible to guess.

Even under the deferential <u>Baum</u> standard for gauging the adequacy of post-conviction counsel, we conclude Musick received ineffective assistance of post-conviction counsel. Musick was effectively and legally abandoned by Alexander's failure to present any evidence or ensure that the post-conviction court was able to review the direct appeal transcript, in failing to make any legal arguments on Musick's behalf, and in failing to call Musick's trial attorney to testify at the post-conviction hearing. Thus, we reverse in part the denial of Musick's post-conviction relief petition and remand for him "to begin anew his quest for post-conviction relief" on his claim of ineffective assistance of trial counsel. <u>Waters</u>, 574 N.E.2d at 912. We need not address the substance of that claim at this juncture. <u>See</u> <u>id.</u> (declining to address remaining issues on appeal from denial of post-conviction relief after finding that counsel was ineffective).

9

Musick is entitled to have that claim first litigated in a procedurally fair setting. However, because Musick has made no argument that the trial court erred in ruling upon his ineffective assistance of appellate counsel claim or that Alexander's ineffectiveness impacted resolution of that claim, we affirm the denial of post-conviction relief with respect to Musick's claim of ineffective assistance of appellate counsel.

**Conclusion**

We affirm the denial of Musick's PCR petition to the extent the post-conviction court found he did not receive ineffective assistance of appellate counsel. We reverse that denial with respect to the claim of ineffective assistance of trial counsel and remand for further proceedings on that claim.

Affirmed in part, reversed in part, and remanded.

CRONE, J., and PYLE. J., concur.