**Michael R. JORDAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 585S218PS.**

Supreme Court of Indiana.

April 14, 1987.

Michael Jordan, pro se.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In June of 1975, appellant was charged with First Degree Murder. In July of 1976, appellant changed his plea from not guilty to a plea of guilty, pursuant to a plea agreement whereby the charge was reduced to Second Degree Murder and he received a life sentence.

On January 2, 1979, appellant filed a *pro se* petition for post-conviction relief. He was ultimately represented by Howard Bernstein, Deputy Public Defender, in that cause. On April 21, 1979, the petition was denied; however, no appeal was taken at that time. On August 16, 1984, appellant, by counsel, filed a second petition for post-conviction relief. That petition was sum-

marily denied upon motion by the State. It is from that denial that this appeal is taken.

Appellant claims the trial court erred in summarily denying his second post-conviction relief petition.

Summary disposition of a petition for post-conviction relief is a matter of discretion for the trial court and is reviewable only for an abuse of that discretion. Ind.R. P.C.R. 1, § 4(e); *Robinson v. State* (1986), Ind., 493 N.E.2d 765. If there is no genuine issue of material fact and the law was correctly applied by the trial court, the dismissal will be upheld. *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756.

It is appellant's claim that his second petition for post-conviction relief raised new issues and did not seek to re-adjudicate matters raised in his original petition. In his first petition, appellant had alleged that the court failed to properly advise him of his rights and to ascertain the voluntariness of his plea of guilty. He specifically contends he was not advised of rights enumerated in Ind. Code § 35–4.1–1–3 (repealed and recodified at Ind. Code § 35–35–1–2), such as the right to a trial by jury, the right against self-incrimination, the right to confront witnesses against him and the possible penalties to be imposed.

In deciding the merits of appellant's first petition, the trial court concluded "the record of the guilty plea proceeding in this cause contains ample evidence from which the trial court could validly have concluded that the petitioner was meaningfully informed of his constitutional rights." The court further concluded that appellant was not denied effective assistance of counsel and that his guilty plea was knowingly, intelligently and voluntarily entered.

The second petition for post-conviction relief reiterated these claims. This Court has held that the trial court may look at the entire record and consider all of the evidence submitted at the post-conviction hearing to determine whether or not appellant was in fact properly advised as to his various rights. *White v. State* (1986), Ind., 497 N.E.2d 893. We find from the record in this case the trial court was justified in summarily denying the second petition for

post-conviction relief. *Mosley v. State* (1985), Ind., 477 N.E.2d 867.

■ Appellant claims his first post-conviction counsel, Howard Bernstein, rendered ineffective assistance by failing to perfect an appeal from the denial of his first petition. He also asserts that his second post-conviction counsel, Timothy Burns, was ineffective for failing to file an "adequate" motion to correct error, upon which this appeal is based. Specifically, he alleges Burns erred in omitting to contest the competency of Bernstein.

In examining the entire record in this case, we cannot say that either counsel can be deemed incompetent under the circumstances. An examination of the allegations made in the first petition discloses the trial court was not in error in denying relief on the petition, thus there is no harm demonstrated by the failure of Bernstein to effect an appeal. Even if we would assume such failure was improper, it is nevertheless necessary for appellant to demonstrate that he was harmed by the omission of his counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

By the same token, there is no showing of incompetency on the part of Burns for failing to raise a question which would have availed appellant nothing. *Id.*

We find no reversible error in this record.

The trial court is in all things affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.