ATTORNEY FOR APPELLANT
Cara Schaefer Wieneke
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



In the
Indiana Supreme Court

No. 45S03-1105-PC-283

ANTOINE HILL,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, No. 45G01-0504-PC-2
The Honorable Salvador Vasquez, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-1008-PC-410

**January 24, 2012**

**David, Justice.**

The present case involves several petitions under Indiana's Post-Conviction Rules. Indiana Post-Conviction Rule 1 permits, among other things, a defendant to file a petition challenging the performance of his trial, appellate, or post-conviction counsel. Indiana Post-Conviction Rule 2 permits, among other things, a defendant to petition the trial court for permission to pursue a belated direct appeal.

Here, the defendant's counsel filed a Post-Conviction Rule 2 petition, seeking permission to file a belated notice of appeal. The trial court denied permission, and counsel did not timely appeal this denial. Subsequently, defendant, through different counsel, filed a Post-Conviction Rule 1 petition, alleging that his Post-Conviction Rule 2 counsel was ineffective for failing to timely appeal the trial court's denial of permission to file a belated notice of appeal.

We hold that the appropriate standard for judging the performance of Post-Conviction Rule 2 counsel is the standard set forth in Baum v. State, 533 N.E.2d 1200 (Ind. 1989). We further hold that Post-Conviction Rule 2 counsel in this case did not violate Baum because she represented the defendant in a procedurally fair setting which resulted in a judgment of the court.

**Facts and Procedural History**

In May 2003, Gary police officers approached Antoine Hill, who was in a parked vehicle, to conduct an investigation. Hill drove away; the officers pursued him; and Hill came to an abrupt stop. After exiting the vehicle, Hill fired his handgun in the direction of two of the officers and ran away. A third officer confronted Hill, and Hill then shot his gun in the direction of that officer.

In June 2004, pursuant to a plea agreement, Hill pleaded guilty to one count of Class A felony attempted murder and two counts of Class C felony attempted battery. In August 2004, the trial court sentenced Hill to forty years' imprisonment on the attempted murder conviction and six years' imprisonment for each attempted battery conviction. The trial court ordered the sentences to be served consecutively, resulting in an aggregate sentence of fifty-two years.

Hill did not file a timely appeal, and a series of petitions under Indiana's Post-Conviction Rules followed.

In April 2005, Hill filed a pro se petition for post-conviction relief under Post-Conviction Rule 1, challenging, among other things, his sentence. In January 2006, Hill, acting through attorney Tasha Reed from the State Public Defender's Office, withdrew that petition without prejudice.

2

In July 2006, Attorney Reed filed a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2. In September 2006, after a hearing, the trial court denied the Post-Conviction Rule 2 petition. It found the following: (1) Hill's claim that he was unaware of his direct appeal right was not credible and (2) Hill had not shown that he lacked fault in the failure to file a timely notice of appeal.

Attorney Reed did not file a timely notice of appeal from the court's denial of Hill's Post-Conviction Rule 2 petition. Attorney Reed then filed a *second* Post-Conviction Rule 2 petition, seeking permission to file a belated notice of appeal from the court's denial of Hill's *first* Post-Conviction Rule 2 petition. The trial court denied that petition, and the Court of Appeals affirmed, stating that Post-Conviction Rule 2 "does not permit belated consideration of appeals of other post-judgment petitions." Hill v. State (Hill I), No. 45A05-0612-CR-748, slip op. at 4 (Ind. Ct. App. Aug. 7, 2007), trans. denied. The Court of Appeals further noted that Hill was not necessarily without a remedy because he could "seek post-conviction relief for ineffective assistance of counsel under Indiana Post-Conviction Rule 1(a)(1)." Id. at 5 n.3.

In September 2009, Hill, again pro se, filed a petition for post-conviction relief under Post-Conviction Rule 1, claiming he received ineffective assistance of trial counsel. The trial court treated that petition as an amendment and reactivation of Hill's April 2005 Post-Conviction Rule 1 petition.

In February 2010, Hill, through current counsel, amended the September 2009 Post-Conviction Rule 1 petition, now alleging that Attorney Reed was ineffective for failing to timely appeal the court's denial of Hill's first Post-Conviction Rule 2 petition. After a hearing, the court denied the petition, concluding that Hill could not satisfy the ineffective-assistance-of-counsel test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

The Court of Appeals reversed and ordered the trial court to grant the Post-Conviction Rule 1 petition so that Hill could appeal the denial of his first Post-Conviction Rule 2 petition. Hill v. State (Hill II), No. 45A03-1008-PC-410, slip op. at 8 (Ind. Ct. App. Feb 17, 2011). Using the standard enunciated in Baum v. State, 533 N.E.2d 1200 (Ind. 1989), and not the Strickland standard, the Court of Appeals held that Attorney Reed's performance prevented Hill from

3

appealing the first Post-Conviction Rule 2 petition denial and thus denied Hill of a "procedurally fair setting for pursuit of post-conviction relief." Hill II, slip op. at 7.

We granted transfer.

## I. Overview of Post-Conviction Rule 2

Indiana Post-Conviction Rule 2 (P-C.R. 2) applies to criminal defendants who did not meet the time requirements for noticing and perfecting an appeal. See Gutermuth v. State, 868 N.E.2d 427, 429 (Ind. 2007). The rule authorizes a defendant to petition the court for permission to pursue a "belated" appeal. Id. Section 1 of P-C.R. 2 is relevant to this case, and it states as follows:[1]

**Section 1. Belated Notice of Appeal**

(a) *Required Showings*. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

(b) *Form of petition*. There is no prescribed form of petition for permission to file a belated notice of appeal. The petitioner's proposed notice of appeal may be filed as an Exhibit to the petition.

(c) *Factors in granting or denying permission*. If the trial court finds that the requirements of Section 1(a) are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission.

(d) *Hearing*. If a hearing is held on a petition for permission to file a belated notice of appeal, it shall be conducted according to Ind. Post-Conviction Rule 1(5).

(e) *Appealability*. An order granting or denying permission to file a belated notice of appeal is a Final Judgment for purposes of Ind. Appellate Rule 5.

---

[1] Due to amendments in 2007 and 2011, the version of P-C.R. 2 in effect during the filing of Hill's P-C.R. 2 petitions differs from the most recent version, which is the one included in this opinion. We note that our analysis in this case would remain the same under either version.

4

(f) *Time and procedure for initiating appeal.* If the court grants permission to file a belated notice of appeal, the time and procedure for filing such notice of appeal is governed by App. R. 9(A).

Thus, when a defendant has failed to file a timely notice of appeal, the trial court must conclude that the defendant meets the lack-of-fault and diligence requirements set forth in subsection (a) before granting a defendant's P-C.R. 2 petition. Gutermuth, 868 N.E.2d at 429. If the trial court denies the defendant's P-C.R. 2 petition, the rule explicitly permits a defendant to appeal the denial. Ind. Post-Conviction Rule 2(1)(e).

## II. Standard Governing P-C.R. 2 Counsel's Performance

This Court has set out different standards for evaluating the performance of appellate counsel and for evaluating the performance of post-conviction counsel.

Appellate counsel's performance, like trial counsel's performance, is governed by the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). E.g., Miller v. State, 702 N.E.2d 1053, 1058 (Ind. 1998). To prevail on a claim of ineffective assistance of appellate counsel, a defendant must show (1) that appellate counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and (2) there is a reasonable probability that, but for appellate counsel's errors, the result of the proceeding would have been different. Id. at 1058–59. Effective assistance of appellate counsel is a right rooted in both the federal and state constitutions. See id. at 1058 (citing U.S. Const. amend. VI; Ind. Const. art. 1, § 13).

On the other hand, there is no constitutional right to counsel in post-conviction, or collateral review, proceedings under either the federal or the state constitution. Graves v. State, 823 N.E.2d 1193, 1196 (Ind. 2005). Accordingly, this Court has "explicitly declined to apply the well-known standard for trial and appellate counsel." Id. Thus, instead of using the "rigorous standard set forth in Strickland," courts instead judge post-conviction counsel by a "lesser standard" based on due-course-of-law principles. Baum v. State, 533 N.E.2d 1200, 1201 (Ind. 1989). When evaluating post-conviction counsel, courts inquire whether "counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court." Id. This standard for judging post-conviction counsel, commonly

referred to as the "Baum standard," has been applied routinely in the context of counsel's performance during Post-Conviction Rule 1 (P-C.R. 1) proceedings. See, e.g., Matheney v. State, 834 N.E.2d 658, 661–63 (Ind. 2005); Graves, 823 N.E.2d at 1197; Waters v. State, 574 N.E.2d 911, 912 (Ind. 1991).

The question remains: which standard—Strickland or Baum—is appropriate for judging the performance of counsel in conjunction with P-C.R. 2 petitions and proceedings? The answer, unfortunately, is not straightforward as P-C.R. 2 straddles two distinct legal spheres: direct review and collateral review. On one hand, P-C.R. 2 deals with direct appeals of convictions of sentences (albeit "belated" ones); on the other hand, P-C.R. 2 is grouped with the collateral review rules.

In determining which standard applies to the performance of P-C.R. 2 counsel,[2] the Court of Appeals concluded that "[b]ecause Hill is seeking post-conviction relief premised upon Attorney Reed's representation, and not his trial counsel's representation, the Baum standard is applicable in this case, not the Strickland standard employed by the post-conviction court." Hill II, slip op. at 5. We agree with the Court of Appeals that P-C.R. 2 counsel's performance should be measured under the Baum, and not Strickland, standard. We write to explain the underlying bases for this conclusion.

First, a P-C.R. 2 petition and hearing are distinct from the filings and proceedings on direct appeal.[3] It is true that P-C.R. 2 deals with belated notices of appeals, among other things. P-C.R. 2(1). In fact, once a defendant files a belated notice of appeal following a meritorious P-C.R. 2 petition, the defendant is in the same position as he would have been had he filed a timely notice of appeal. See Gallagher v. State, 274 Ind. 235, 239, 410 N.E.2d 1290, 1292 (1980); see also Gutermuth, 868 N.E.2d at 434 (stating that defendants who filed belated notices of appeal should be neither "rewarded" nor "penalized" for their delay). But the focus of P-C.R. 2 is

---

[2] When we refer to "P-C.R. 2 counsel" within this opinion, we are referring to a lawyer who handles the filing of a P-C.R. 2 petition; attends a P-C.R. 2 hearing, if any; and deals with an appeal of a denial of a P-C.R. 2 petition. What we are *not* referring to is a lawyer who represents a defendant on direct appellate review *following* the grant of a P-C.R. 2 petition, as he or she would be, for all practical purposes, direct appellate counsel.

[3] We note that P-C.R. 2 permits, but does not require, a defendant to include a notice of appeal as an exhibit to the P-C.R. 2 petition. P-C.R. 2(1)(b).

6

whether a defendant should be granted permission to file a belated notice of appeal, and the trial court inquires into the defendant's lack of fault and his diligence to make that determination. P-C.R. 2(1)(a)(2), (3). The P-C.R. 2 petition or hearing, on the other hand, should *not* include the underlying merits of the appeal itself. For example, the trial court conducting a P-C.R. 2 hearing would not address a substantive challenge to the defendant's sentence—that issue, if the P-C.R. 2 petition is granted, is left for the appellate court to decide. Notably, this Court has described P-C.R. 2 as a "vehicle" or "avenue" to obtain a direct appeal. Howard v. State, 653 N.E.2d 1389, 1390 (Ind. 1995). This signifies that although P-C.R. 2 is a means or a way of getting a direct appeal, its proceedings are not equal to those of a direct appeal. See Greer v. State, 685 N.E.2d 700, 702 (Ind. 1997) ("P-C.R. 2(1) provides a *method* for seeking permission for belated consideration of appeals . . . ." (emphasis added)).

Second, this Court's decision in Kling v. State, 837 N.E.2d 502 (Ind. 2005), demonstrates that P-C.R. 2 is more of a collateral review, versus direct review, rule. In Kling, this Court addressed "the relative roles and responsibilities of County Appellate Public Defenders and the State Public Defender in handling belated appeals of sentences imposed following open pleas." 837 N.E.2d at 504 (emphases omitted). We first noted, as a background matter, that County Appellate Public Defenders represent indigent criminal defendants in direct appeals whereas the State Public Defender handles post-conviction relief. Id. In determining who was responsible for providing representation in P-C.R. 2 proceedings, this Court ultimately decided on the State Public Defender. Id. at 507. Specifically, this Court held that when the State Public Defender is representing a defendant in a P-C.R. 1 proceeding, the State Public Defender shall assess which issues may be raised in a P-C.R. 1 petition and which issues should be raised in a P-C.R. 2 petition and consult with the defendant accordingly. Id. "If a person so advised by the State Public Defender decides to seek relief immediately under P-C.R. 2 . . . , the State Public Defender should represent the defendant in filing that P-C.R. 2 petition, at any hearing on that petition, and, if relief is denied, in the appeal of that decision." Id. We further held that if a P-C.R. 2 petition is granted, the County Appellate Public Defender then takes over and handles the belated direct appeal. Id. at 508. Thus, P-C.R. 2 proceedings are treated as collateral review, at least in terms of who handles those cases.

Finally, the responsibilities required of P-C.R. 2 counsel and direct appellate counsel differ in one very important respect. In <u>Mosley v. State</u>, 908 N.E.2d 599, 608 (Ind. 2009), this Court held that in any direct criminal appeal, as a matter of right, counsel must submit an advocate brief. This is true even if counsel regards the defendant's claims as frivolous. <u>Id.</u> In contrast, this Court has held that the State Public Defender does not have to file a P-C.R. 2 petition if he determines that the "petition is not meritorious or in the interest of justice." <u>Kling</u>, 837 N.E.2d at 507. We believe that the greater responsibility imposed on direct appellate counsel correlates to the more rigorous <u>Strickland</u> standard governing direct appellate counsel's performance. Likewise, we believe the lesser responsibility of P-C.R. 2 counsel parallels the less cumbersome <u>Baum</u> standard governing collateral review counsel.

For the foregoing reasons, we hold that the correct standard to judge P-C.R. 2 counsel is under <u>Baum</u>, and not under <u>Strickland</u>.[4]

### III. Application of <u>Baum</u> to the Current Case

We now turn to the particular facts of this case. As a threshold matter, it is critical to recount only the relevant procedural history, as Hill's case has progressed through multiple post-conviction proceedings over a span of eight-plus years. At this stage, Hill asks this Court to reverse the trial court's denial of his P-C.R. 1 petition. This P-C.R. 1 petition alleged that Attorney Reed denied Hill of a procedurally fair setting because Reed failed to timely appeal the trial court's denial of Hill's P-C.R. 2 petition, which asked for permission to file a belated notice of appeal.[5] Importantly, we note that Hill's P-C.R. 1 petition did *not* address Attorney Reed's performance in filing the P-C.R. 2 petition or her performance during the P-C.R. 2 hearing—it alleged only that her performance *following* the denial of the P-C.R. 2 petition violated <u>Baum</u>.

---

[4] We stress that the <u>Baum</u> standard applies to the performance of counsel during the limited filings and proceedings in connection with a P-C.R. 2 petition. If a P-C.R. 2 petition is granted, counsel's performance in conjunction with the direct (albeit belated) appellate review of a defendant's claims is judged under <u>Strickland</u>.

[5] We note that when Hill filed his P-C.R. 1 petition, he was under the assumption that <u>Strickland</u>, instead of <u>Baum</u>, applied to P-C.R. 2 counsel. For purposes of our analysis, and because the issue was previously undecided, we will restructure Hill's P-C.R. 1 petition's arguments to reflect that the <u>Baum</u> standard is applicable to the performance of his P-C.R. 2 counsel. On appeal, Hill presented alternative arguments, arguing that if <u>Strickland</u> did not apply, then Attorney Reed nonetheless violated the <u>Baum</u> standard.

Essentially, granting Hill's P-C.R. 1 petition would allow Hill to appeal the denial of his petition to file a belated appeal. It would not automatically give Hill the ability to pursue a direct appeal of his sentence, but it would give Hill the opportunity to demonstrate why the trial court was wrong in denying him permission to pursue a belated direct appeal.

We can thus narrow and frame the relevant issue as follows: does P-C.R. 2 counsel violate the <u>Baum</u> standard if she fails to timely appeal a denial of a P-C.R. 2 petition?

The Court of Appeals answered this question in the affirmative. The court drew a parallel with <u>Waters v. State</u>, 574 N.E.2d 911, 912 (Ind. 1991), in which this Court found that post-conviction counsel's representation, or lack thereof, amounted to "abandon[ment]" of the criminal defendant. The Court of Appeals found that Attorney Reed likewise abandoned Hill because Reed's failure to timely appeal the P-C.R. 2 denial "'prevented [Hill] from being heard, either through counsel or <u>pro se</u>.'" <u>Hill II</u>, slip op. at 7 (alteration in original) (quoting <u>Graves</u>, 823 N.E.2d at 1197). Accordingly, the Court of Appeals reversed the post-conviction court's ruling so that Hill could appeal the denial of his P-C.R. 2 petition. <u>Id.</u>

The Court of Appeals was correct in noting that Reed's failure to timely appeal the denial of Hill's P-C.R. 2 petition resulted in Reed's inability to appear and represent Hill. <u>Id.</u> The court was also correct in noting that due to Reed's failure, Hill was unable to receive any appellate review of the denial of his P-C.R. 2 petition. <u>Id.</u> At first blush, these facts seem to support the conclusion that Reed did, in fact, abandon Hill. But upon closer inspection, we find that conclusion to be analytically faulty for at least two distinct reasons.

First, the failure to timely appeal a P-C.R. 2 denial, standing on its own, does not violate <u>Baum</u>. In other words, when analyzing whether P-C.R. 2 counsel violated the <u>Baum</u> standard, a court cannot treat the failure to timely appeal a P-C.R. 2 denial as its own separate entity. Instead, the appropriate inquiry is whether P-C.R. 2 counsel denied the criminal defendant of a procedurally fair setting during the *entire* course of the P-C.R. 2 proceeding, which includes the filing of the petition and representation during a P-C.R. 2 hearing, if any. To separate the appeal of a P-C.R. 2 petition denial from the rest of the P-C.R. 2 proceedings creates a significant logical problem: an automatic end run around the limitations of P-C.R. 2 and Indiana Appellate Rule 9.

9

Indiana Appellate Rule 9 states that if a party does not file a notice of appeal within thirty days from the entry of a final judgment, the right to appeal is forfeited except as provided by P-C.R. 2.  Ind. Appellate Rule 9(A)(1), (5).  P-C.R. 2, as explained above, applies to direct appeals of convictions or sentences.  P-C.R. 2, on the other hand, does not apply to appeals of collateral or post-judgment rulings.  This Court has recognized this on several occasions.  See, e.g., Newton v. State, 894 N.E.2d 192, 193 (Ind. 2008) (holding that the trial court lacked authority to grant a request for a belated appeal from a prior order denying permission for a belated appeal); Davis v. State, 771 N.E.2d 647, 649 (Ind. 2002) (holding that P-C.R. 2 "does not permit belated consideration of appeals of other post-judgment petitions").  In fact, this is the exact reason why Hill was unable to belatedly appeal the trial court's order denying his request to pursue a belated appeal of his sentence.  Hill I, slip op. at 5.  Thus, in the collateral review context, the failure to timely file a notice of appeal permanently extinguishes the opportunity to appeal.

But under the Court of Appeals' application of Baum, a represented collateral review petitioner, like Hill, can get around this and obtain a belated appeal of a collateral ruling.  How?  By simply filing a P-C.R. 1 petition alleging his attorney failed to timely appeal the collateral ruling.  In essence, this would mean that there is no way for a represented collateral review petitioner to forfeit a direct appeal of a P-C.R. 2 denial, effectively circumventing the limits of P-C.R. 2 and Appellate Rule 9.

We believe that this automatic end run is an example of the "serial relitigation" of which this Court disapproves.  Graves, 823 N.E.2d at 1195.  In Graves, another performance of post-conviction counsel case, this Court noted that as collateral review "litigation progresses through successive stages, the likelihood of finding an injustice diminishes."  Id.  We continued, "the value of finality begins to outweigh the benefits of mandating further review at the post-conviction stage, because '[a]ny other conclusion would suggest that each previous proceeding serves no valuable purpose and would degrade the entire [criminal] proceeding to nothing more than a random game of chance.'"  Id. at 1195–96 (alterations in original) (quoting Corcoran v. State, 820 N.E.2d 655, 664 (Ind. 2005)).  Most notably, the Graves post-conviction counsel failed to timely appeal the trial court's denial of a P-C.R. 1 petition.  Id. at 1194.  In Graves, the Court never discussed this failure or suggested that it was a relevant consideration in assessing

10

whether the criminal defendant was denied a procedurally fair setting in which to adjudicate his post-conviction claim.[6]  Id. at 1197.

Second, the Court of Appeals' application of Baum contravenes the general principle that the Baum standard is less onerous than the Strickland standard.  As stated earlier, the Baum standard is "highly deferential," and a Baum claim is intended to be more difficult for defendants to prove than a Strickland claim.  Daniels v. State, 741 N.E.2d 1177, 1190 (Ind. 2001).  In this case, the Court of Appeals found that Reed violated Baum after finding she did not timely appeal the P-C.R. 2 denial.  Hill II, slip op. at 7.  Thus, under that analysis, Hill needed to demonstrate only that Reed failed to timely appeal, and nothing more, to succeed on his Baum claim.  On the other hand, in a pre-Baum decision, this Court addressed a failure to perfect an appeal of a P-C.R. 1 denial under Strickland, finding that the petitioner was unable to show any prejudice by his counsel's failure to file an appeal.  Jordan v. State, 506 N.E.2d 21, 23 (Ind. 1987).  Thus, the Jordan petitioner's burden under Strickland was significantly greater than Hill's burden under Baum, even though both of them were essentially presenting the same claim.  This result is clearly at odds with the Baum case, which explicitly mandates a "lesser standard" than Strickland for the performance of post-conviction counsel.  Baum, 533 N.E.2d at 1201.

Thus, as pleaded, Hill's P-C.R. 1 petition does not present any cognizable claim, as he alleges a violation of Baum based solely on Attorney Reed's failure to timely appeal the P-C.R. 2 denial.  The proper route for Hill would have been to challenge, in his P-C.R. 1 petition, Reed's performance during the P-C.R. 2 proceedings *as a whole*.  We speculate this is what the Court of Appeals envisioned in its earlier opinion, which affirmed the denial of Hill's second P-C.R. 2 petition but also stated that "Hill may seek post-conviction relief for ineffective assistance of counsel under Indiana Post-Conviction Rule 1(a)(1)."  Hill I, slip op. at 5 n.3.

Regardless, even if Hill had challenged Reed's P-C.R. 2 performance as a whole, his claim would have failed.  Reed far from abandoned Hill.  Reed filed the petition seeking a belated appeal; appeared at the hearing; presented both testimonial and documentary evidence,

---

[6] In Graves, this Court ultimately held that the post-conviction counsel did not violate Baum because his performance during the P-C.R. 1 hearing—consisting of appearing at the hearing, directly examining the petitioner, and submitting appropriate affidavits—"certainly" did not amount to abandonment.  823 N.E.2d at 1197.

including transcripts from the guilty plea and sentencing hearings; and made a thorough argument to the trial court, including citations to relevant caselaw. The present case is akin to Graves, where this Court found that post-conviction counsel did not abandon the defendant where he appeared at the post-conviction relief hearing, directly examined the defendant, and tendered relevant affidavits. 823 N.E.2d at 1197. Like Reed, the counsel in Graves did not file a timely appeal of the post-conviction court's denial of his client's petition, but as a whole his performance did not violate Baum. Id. Furthermore, Reed's performance can be easily contrasted with the post-conviction counsel's performance in Waters, 574 N.E.2d 911, where this Court did find a Baum violation. In Waters, post-conviction counsel deprived the defendant of a fair hearing where counsel failed to correct obviously inadequate affidavits filed by the defendant and also failed to present any additional evidence in support of the defendant's claim. 574 N.E.2d at 912. This Court concluded that this complete lack of representation amounted to abandonment of the client and thus violated Baum. Id.

Taking it one step further, had Hill timely appealed the trial court's denial of his P-C.R. 2 petition, we conclude his appeal would have been unsuccessful. We give "substantial deference" to a trial court's decision whether to grant permission to file a belated notice of appeal because "diligence and relative fault are fact sensitive." Moshenek v. State, 868 N.E.2d 419, 423 (Ind. 2007). The P-C.R. 2 petitioner "bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal." Id. at 422–23. Hill attempted to meet this burden by testifying that he was unaware of his direct appeal right. But the trial court found Hill did not meet his burden for several reasons: Hill had testified under oath that he had read and understood the entire plea agreement, which stated that Hill retained the right to directly appeal his sentence; Hill had considerable prior experience with the criminal justice system; and Hill was, as described by the trial court, "very articulate" and "pretty smart." These are all relevant factors for the trial court in determining whether to grant a P-C.R. 2 petition. Id. at 423. In short, the trial court did not abuse its discretion in denying Hill's P-C.R. 2 petition.

12

## Conclusion

We conclude that the <u>Baum</u> standard, and not the <u>Strickland</u> standard, is appropriate for evaluating the performance of P-C.R. 2 counsel.  Because P-C.R. 2 counsel Reed did not deprive Hill of a procedurally fair setting, Reed did not violate <u>Baum</u>.  On that basis, we affirm the decision of the trial court denying Hill's P-C.R. 1 petition.

Shepard, C.J., and Dickson, J., concur.

Sullivan, J., concurs in result with separate opinion.

Rucker, J., dissents with separate opinion.

**Sullivan, Justice, concurring in result.**

I write separately because I believe that <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), articulates the correct standard for measuring whether counsel rendered ineffective assistance as a matter of constitutional law when counsel failed to appeal the denial of Hill's request to file a belated direct appeal.

The Court, in footnote 4, correctly points out that "[i]f a P-C.R. 2 petition is granted, counsel's performance in conjunction with the direct (albeit belated) appellate review of a defendant's claims is judged under <u>Strickland</u>." Slip Op. 8 n.4. This is so because the Equal Protection and Due Process Clauses guarantee an appellant in a criminal case the right to the effective assistance of counsel in a first appeal of right.[1] <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985); <u>Mosley v. State</u>, 908 N.E.2d 599, 604 (Ind. 2009). And it is well settled that we measure effective assistance of counsel on appeal by the two-pronged standard first enunciated in <u>Strickland</u>. <u>Bieghler v. State</u>, 690 N.E.2d 188, 192-93 & n.1 (Ind. 1997) (citing Lissa Griffin, <u>The Right to Effective Assistance of Appellate Counsel</u>, 97 W. Va. L. Rev. 1, 20 n.120 (1994)).

This limits the issue in this case to the very narrow question of whether a person convicted of a crime is entitled to <u>Strickland</u> counsel during proceedings litigating whether a belated appeal may be pursued or not. The Court says no – <u>Baum</u> counsel is enough – but I respectfully disagree.

**I**

First, I think <u>Halbert v. Michigan</u>, 545 U.S. 605 (2005), teaches that a P-C.R. 2 petitioner has a federal constitutional right to the effective assistance of counsel.

In Michigan, a person who pleads guilty (or <u>nolo</u> <u>contendere</u>) may appeal only "by application for leave to appeal," Mich. Comp. Laws Ann. § 770.3(1)(d) (West 2006); that is,

---

[1] A "first appeal of right" or "first-tier appeal" (as it is sometimes called) in Indiana will normally be to the Court of Appeals and a "second-tier appeal" to this Court.

Michigan requires an "application" for permission to appeal be granted by the Michigan Court of Appeals before an appeal on the merits can be prosecuted, see People v. Bulger, 614 N.W.2d 103, 105 & n.1 (Mich. 2000), overruled in part by Halbert, 545 U.S. at 609-10; People v. Najar, 581 N.W.2d 302, 305 (Mich. Ct. App. 1998), overruled in part by Bulger, 614 N.W.2d at 109 n.5. In Halbert, a defendant who had pled nolo contendere sought appointed "counsel to assist him in applying for leave to appeal to the Michigan Court of Appeals." Halbert, 545 U.S. at 609. The Supreme Court held that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." Id. at 610.

To be sure, there are some differences between the "application" required in Michigan and the "petition" required by P-C.R. 2, most notably the criteria by which they are evaluated by the respective reviewing courts. And I acknowledge that part of the Supreme Court's analysis in Halbert focused on this point. See id. at 618 (distinguishing between the discretion exercised in first-tier and second-tier appeals). But I think that, at bottom, Halbert stands for the proposition that there is a Fourteenth Amendment right to counsel when what is at stake is "the first, and likely the only, direct review the defendant's conviction and sentence will receive." Id. at 619. And this is so whether the proceeding is "formally categorized as the decision of an appeal or **the disposal of a leave application**." Id. (emphasis added).

In sum, Halbert held that the federal constitutional right to counsel in a first appeal of right recognized in Evitts v. Lucey extends to assisting defendants in applying for leave to appeal to the Michigan Court of Appeals because what was at stake was "the first, and likely the only, direct review the defendant's conviction and sentence will receive." Halbert, 545 U.S. at 619. Hill is similarly situated. In petitioning for permission to file a belated appeal, what was at stake was his first, and likely the only, direct review that his sentence would receive.

## II

Apart from what I believe is a federal constitutional requirement that we measure Hill's counsel's performance by the Strickland standard, there is a state constitutional interest at stake

2

here as well.  Article VII, § 6, of the Indiana Constitution requires this Court to promulgate "rules which shall . . . provide in all cases an absolute right to one appeal."  I have always taken satisfaction that our P-C.R. 2 preserves the Art. VII, § 6, constitutional right to appeal of any person who fails to file a timely appeal through no fault of his or her own and who is diligent in requesting permission to file a belated appeal.

Several years ago, Chief Justice Shepard, writing for a unanimous court in a sentencing case, warned of the Court erecting legal barriers that "ran the risk of impinging on" the Art. VII, § 6, constitutional right to an appeal.  Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003).  This sentiment honored our citizens' state constitutional right to an appeal.  But it seems to me that the Court runs just such a risk of impinging upon the constitutional right to an appeal when it allows the "less onerous" (the Court's characterization, Slip Op. 11) Baum standard rather than Strickland to govern appeals.  The Court should not deem to be adequate representation of Indiana citizens exercising their state constitutional right to appeal that would not pass federal constitutional muster.

### III

Believing that federal constitutional law requires that we apply Strickland and that, even if it doesn't, we should apply Strickland to infuse Art. VII, § 6, with the full measure of protection our citizens deserve, I analyze counsel's performance here through Strickland's two-pronged standard.  While I find counsel's performance to have been deficient in failing to meet the filing deadline, I find no prejudice in that Hill has not met the diligence requirement of P-C.R. 2 and so his appeal would not have prevailed as a matter of law.  For this reason, I concur in the result of the Court's opinion.

3

**Rucker, Justice, dissenting.**

I agree with the majority that the appropriate standard for judging the performance of Post-Conviction Rule 2 counsel is the standard set forth in <u>Baum v. State</u>, 533 N.E.2d 1200 (Ind. 1989). And the majority makes a respectable though intricate argument that Hill's counsel was not ineffective under <u>Baum</u>. But at the end of the day all Hill seeks is appellate review of his fifty-two year sentence, something he has thus far been denied. Our rules should not be applied so rigorously or our case law dissected so finely as to deny a defendant in Hill's position the opportunity to make his best effort in challenging the sentence imposed. As this Court has observed, "'[a]lthough our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.'" <u>Meredith v. State</u>, 679 N.E.2d 1309, 1311 (Ind. 1997) (quoting <u>Am. States Ins. Co. v. State</u>, 283 N.E.2d 529, 531 (Ind. 1972)). Applying this principle to the case before us, I join my colleagues on the Court of Appeals and conclude that Hill should be allowed to appeal the denial of his petition to file a belated direct appeal. Therefore I respectfully dissent.