**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**JUAN EMERSON**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 19 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN EMERSON, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1102-PC-95 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
The Honorable Stanley E. Kroh, Master Commissioner
Cause No. 49G04-9604-PC-53725

**March 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

In 2003, Juan Emerson, represented by counsel, petitioned for post-conviction relief after the trial court sentenced him to an aggregate 156-year sentence. The post-conviction court reduced Emerson's aggregate sentence to 95 years. In 2004, Emerson, again represented by counsel, filed a second petition for post-conviction relief, and the post-conviction court reduced Emerson's aggregate sentence to 90 years. In 2009, Emerson, acting pro se, filed a third petition for post-conviction relief, and an evidentiary hearing was held in 2011. The post-conviction court denied Emerson's petition. Emerson raises two issues for our review, which we consolidate and restate as whether the 2011 post-conviction court erred in concluding that Emerson failed to prove his counsel provided inadequate representation regarding his petitions for post-conviction relief in 2003 and 2004. Concluding Emerson failed to prove his claim of ineffective assistance of counsel and the post-conviction court did not err, we affirm.

Facts and Procedural History

In 1996, Emerson was charged with criminal deviate conduct, a Class A felony; burglary, a Class B felony; two counts of robbery, both Class C felonies; rape, a Class A felony; two counts of criminal deviate conduct, both Class A felonies; burglary, a Class B felony; and robbery, a Class C felony. Thereafter, the trial court severed the first four charges from the last five charges and ordered that they be tried separately. After a jury trial in 1997, Emerson was found guilty of the first four charges. The trial court sentenced him to consecutive sentences of fifty years for criminal deviate conduct, twenty years for burglary, and eight years for each robbery conviction. The following year, after a second jury trial, Emerson was found guilty of rape, one count of criminal

deviate conduct, and burglary. He was found not guilty of the second count of criminal deviate conduct and robbery. The trial court sentenced Emerson to fifty years for rape and fifty years for criminal deviate conduct, to be served concurrently, and to twenty years for burglary, to be served consecutively. Emerson's sentences from each trial were ordered to be served consecutively, for an aggregate sentence of 156 years.

This court affirmed Emerson's first four convictions in 1998 and his last three convictions in 1999. See Emerson v. State, 699 N.E.2d 796 (Ind. Ct. App. 1998) (Table); Emerson v. State, 709 N.E.2d 758 (Ind. Ct. App. 1999) (Table), trans. denied. In 2003, Emerson filed a petition for post-conviction relief challenging his sentences for his first four convictions. An evidentiary hearing was held, and Emerson was represented by James Acklin, a public defender. The post-conviction court granted Emerson's petition and amended his sentences to forty-five years for criminal deviate conduct, twenty years for burglary, and eight years for each robbery conviction, all served concurrently. This amended his aggregate sentence for his first four convictions from 86 years to 45 years.

In 2004, Emerson filed a second petition for post-conviction relief, challenging his sentences for his last three convictions. After an evidentiary hearing, at which Emerson was again represented by Acklin, Emerson's fifty-year sentences for both rape and criminal deviate conduct in his second group of convictions were amended to forty-five years each, and his sentences for all three convictions were ordered to be served concurrently. Emerson's sentence remained the same in all other respects. Thus, his aggregate sentence for his last three convictions was reduced from 70 years to 45 years. Emerson did not appeal the court's determination.

In 2009, Emerson was authorized to file a third post-conviction relief petition. Emerson claimed he received ineffective assistance of counsel regarding his earlier post-conviction relief petitions because his attorney did not object to the sentences based on Indiana Code section 35-50-1-2 and the post-conviction courts' determinations were not appealed.[1] Emerson requested representation by the Office of the Indiana Public Defender. Acklin appeared on Emerson's behalf, but on the same day Emerson filed a pro se notice with the court indicating his intent to call Acklin as a witness in support of his petition. Thereafter, Acklin notified the post-conviction court that he wished to withdraw and the court granted Acklin's motion to withdraw. Acklin was required to turn over his file to Emerson. In May 2011, the post-conviction court conducted an evidentiary hearing on Emerson's petition for post-conviction relief.

At the third evidentiary hearing, Emerson stated his desire to call Acklin as a witness. However, Acklin was not present at the hearing because he was not subpoenaed. Emerson presented prison visitation records in attempt to show that Acklin never visited him to determine whether he wanted to appeal after the post-conviction hearing. The State requested the court take judicial notice of its case file, which the court did. The parties then submitted proposed findings of fact and conclusions of law. The post-conviction court entered findings of fact and conclusions of law denying Emerson's third petition. In pertinent part, the post-conviction court's findings of fact include:

---

[1] As the post-conviction court noted in its findings of fact, "[i]t is not entirely clear whether the Successive Petition is directed toward Mr. Acklin's performance as to Counts I through IV or as to the entirety of his performance, thus this Court is addressing the entirety of the performance." Appellants [sic] Appendix at 168 n.3. In other words, Emerson did not specify in his third petition or evidentiary hearing whether he sought relief based on his 2003 petition for post-conviction relief and subsequent hearing or his 2004 petition for post-conviction relief and subsequent hearing. Nor does his appellate brief clarify which petition is the focus of this appeal. Nevertheless, because the circumstances of each petition and subsequent hearing are quite similar and we can find no difference between them relevant to Emerson's arguments on appeal, we will proceed in our analysis by discussing each simultaneously.

2. Emerson filed a <u>pro se</u> Petition for Post-Conviction Relief on June 8, 1999, regarding the convictions on Counts I through IV; subsequently, by counsel James T. Acklin with the Public Defender of Indiana, Emerson filed an Amended Petition for Post-Conviction Relief on June 23, 2003, regarding Counts I through IV, claiming as grounds for relief: a) the sentence was in excess of that allowed by statute, b) ineffective assistance of trial counsel for failing to object to the sentence in excess of that allowed by I.C. 35-50-1-2(a) (1994) and I.C. 35-50-2-4 (Supp. 1994), c) ineffective assistance of appellate counsel for failing to raise on appeal that the sentence was in excess of that allowed by I.C. 35-50-1-2(a) (1994) and I.C. 35-50-2-4 (Supp. 1994).

The Court conducted an evidentiary post-conviction relief hearing on October 8, 2003, as to Counts I through IV. As noted in the Court's file, Mr. Acklin appeared on behalf of Emerson, and presented as evidence: record of proceedings, appellate briefs, direct appeal opinion, briefs and the decision in <u>Richards v. State</u>, Cause No. 49S00-9509-CR-01105, <u>Slip. op.</u> (Ind. June 13, 1997). Mr. Acklin also presented the testimony of trial counsel Kay Beehler and appellate counsel Aaron Haith. On November 7, 2003, Petitioner by Mr. Acklin tendered a 10-page Proposed Findings of Fact and Conclusions of Law Granting Post-Conviction [sic] Relief, as well as a Petitioner's Response to State's Proposed Findings of Fact and Conclusions of Law on November 13, 2003.
* * *
3. On March 24, 2004, Emerson by counsel James T. Acklin filed a Verified Motion for Leave to File Petition for Post-Conviction Relief, and a Petition for Post-Conviction Relief on April 14, 2004, as to Counts V, VI, and VIII. The Petition claimed as grounds for relief: a) ineffective assistance of trial counsel for failing to object to the sentence in excess of that allowed by I.C. 35-50-1-2(a) (1994) and I.C. 35-50-2-4 (Supp. 1994), b) ineffective assistance of appellate counsel for failing to raise on appeal that the sentence was in excess of that allowed by I.C. 35-50-1-2(a) (1994) and I.C. 35-50-2-4 (Supp. 1994).

The Court conducted a post-conviction relief evidentiary hearing regarding Counts V, VI, and VIII, on September 22, 2004. As noted in the Court's file, Petitioner, by counsel, presented documentary evidence in the form of the record of proceedings, briefs, direct appeal opinion and other appellate records, and affidavits from Petitioner's trial and appellate counsels; the Court also took judicial notice of its file. Following said hearing, Petitioner by counsel Mr. Acklin filed Proposed Findings of Fact and Conclusions of Law on September 28, 2004; the State filed proposed findings and conclusions on October 22, 2004.

Appellants [sic] App. at 166-67.

Emerson now appeals.

Discussion and Decision

I. Standard of Review

When reviewing appeals from a negative judgment delivered by the post-conviction court, this court will reverse the denial of post-conviction relief only if the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002), cert. denied, 537 U.S. 1122 (2003). The post-conviction court's findings of fact are accepted unless clearly erroneous, Ind. Trial Rule 52(A), but no deference is accorded conclusions of law. Davidson, 763 N.E.2d at 443-44.

The right to counsel in post-conviction proceedings is not guaranteed by the Sixth Amendment of the United States Constitution or Article 1, Section 13 of the Indiana Constitution. Baum v. State, 533 N.E.2d 1200, 1201 (Ind. 1989). A post-conviction proceeding is not generally regarded as a criminal proceeding. Id. Thus, it is not required that the constitutional standards applied to ineffective assistance of counsel challenges be applied when judging the actions of post-conviction counsel at the appellate level.[2] Id. Rather, we apply the standard that "if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth" for purely criminal proceedings. Id.; see also Hill v. State, 960 N.E.2d 141, 147 (Ind.

---

[2] Specifically, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), which Emerson argues applies in this case, does not apply to our evaluation of the effectiveness of counsel in a post-conviction proceeding. The Strickland standard requires that to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) the attorney's performance was unreasonable based on prevailing professional norms and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

6

2012) (reaffirming the <u>Baum</u> standard as the appropriate standard for evaluating post-conviction counsel's performance).

## II. Denial of Emerson's Third Petition for Post-Conviction Relief

<u>Hill</u> presented a factual scenario similar to this case. Hill was convicted of various crimes and sentenced. 960 N.E.2d at 143. He did not timely appeal and, thus, his right to do so expired pursuant to Appellate Rule 9(A)(5). <u>Id.</u> Thereafter, represented by counsel, he filed a series of post-conviction relief petitions. <u>Id.</u> One such petition requested permission to file a belated notice of appeal under Post-Conviction Rule 2. <u>Id.</u> The post-conviction court held a hearing at which Hill was represented by counsel, and the court denied Hill's petition. <u>Id.</u> Hill failed to timely appeal the post-conviction court's denial of his petition for post-conviction relief. <u>Id.</u> Proceeding once again with representation and under Post-Conviction Rule 2, Hill petitioned for permission to file a belated notice of appeal of the post-conviction court's denial of his previous request for permission to file a belated notice of appeal of his convictions. <u>Id.</u> The post-conviction court denied his second Post-Conviction Rule 2 petition. <u>Id.</u> at 143-44.

Hill then filed a petition for post-conviction relief under Post-Conviction Rule 1, claiming he received ineffective assistance of counsel when his counsel failed to timely appeal the post-conviction court's denial of his first petition under Post-Conviction Rule 2 which sought permission to file a belated notice of appeal of his convictions in the trial court. <u>Id.</u> at 144. Our supreme court granted transfer and addressed an issue pertinent to our case: "does P-C.R. 2 counsel violate the <u>Baum</u> standard if she fails to timely appeal a denial of a P-C.R. 2 petition?" <u>Id.</u> at 148. The court first clarified that "the appropriate inquiry is whether P-C.R. 2 counsel denied the criminal defendant of a procedurally fair

7

setting during the <u>entire</u> course of the P-C.R. 2 proceeding, which includes the filing of the petition and representation during a P-C.R. 2 hearing, if any." <u>Id.</u> (emphasis in original). This is in contrast to this court's opinion in <u>Hill</u>, which focused its review solely on whether the failure to timely appeal resulted in the attorney's inability to appear and represent Hill. <u>Id.</u> The supreme court concluded "Hill's P-C.R. 1 petition [alleging ineffective assistance of counsel] does not present any cognizable claim, as he alleges a violation of <u>Baum</u> based solely on Attorney Reed's failure to timely appeal the P-C.R. 2 denial. The proper route for Hill would have been to challenge . . . Reed's performance during the P-C.R. 2 proceedings as a <u>whole</u>." <u>Id.</u> at 149-50 (emphasis in original).

<u>Hill</u> is instructive in this case. Emerson argues "the failures by Emerson's post-conviction counsel to raise the issue [of whether his sentence was in error due to Indiana Code section 35-50-1-2] through the appeals process denied Emerson's right to effective assistance of counsel; Emerson was highly prejudiced by counsel's actions and was denied a meaningful Post-Conviction hearing, [sic] and appellant [sic] hearing review." Brief of Appellant at 9. Rather than crafting an argument that he received ineffective assistance of counsel under the <u>Baum</u> standard, Emerson attempts to argue what he would have argued had he appealed the results of his previous petitions for post-conviction relief: that, pursuant to Indiana Code section 35-50-1-2, his sentences should be reduced even further than they were after his previous petitions for post-conviction relief. What remains is essentially the same argument made in <u>Hill</u>: that he received ineffective assistance of counsel because his post-conviction counsel failed to timely appeal the results of his post-conviction petitions. As our supreme court concluded in <u>Hill</u>, this argument is insufficient to reverse the post-conviction court's 2011 denial of Emerson's

petition for post-conviction relief. Although Emerson states in his brief that he "was denied a meaningful Post-Conviction hearing," he does not support this contention other than by arguing that his attorney did not appeal and should have done so, which our supreme court determined was insufficient in Hill. Emerson has failed to meet his burden on appeal.

Nevertheless, assessing the evidence presented to the post-conviction court regarding Emerson's claim of ineffective assistance of counsel, we conclude Emerson failed to establish at the evidentiary hearing that the Baum standard was not met. Emerson did not provide evidence showing anything other than the fact that Emerson's counsel "in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court." Baum, 533 N.E.2d at 1201. As the post-conviction court stated in its findings, Emerson was represented by counsel regarding his petitions for post-conviction relief filed in 2003 and 2004 and the respective subsequent evidentiary hearings. Various evidentiary exhibits were introduced and Emerson's counsel filed proposed findings of fact and conclusions of law pursuant to the court's request, and the court then issued its own findings of fact and conclusions of law in both instances, granting Emerson's petitions and reducing his sentence after both hearings. Nothing suggests the procedure was in any way unfair in either case. Thus, even if Emerson argued the post-conviction court erred in 2011 because the Baum standard was not met in his prior petitions and hearings, we would affirm the post-conviction court's denial of his petition for post-conviction relief because the Baum standard was met regarding his prior petitions for post-conviction relief.

## Conclusion

Pursuant to <u>Hill</u>, we conclude Emerson has failed to raise any cognizable claim. Nevertheless, Emerson did not meet his burden at the most recent post-conviction hearing of establishing that the <u>Baum</u> standard for ineffective assistance of counsel was not satisfied for his prior petitions for post-conviction relief. We therefore affirm the denial of his petition for post-conviction relief.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.