**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 03 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RONNIE SMITH**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONNIE SMITH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 15A04-1108-PC-445 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-0811-PC-4

**July 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

In 2007, Ronnie Smith was convicted of Class B felony conspiracy to manufacture methamphetamine and received a twenty-year sentence. He was acquitted on an additional charge of dealing. The conviction and sentence were affirmed on appeal. *See Smith v. State*, No. 15A01-0707-CR-336 (Ind. Ct. App. Apr. 14, 2008), *aff'd on reh'g, trans. denied*.

Smith petitioned for post-conviction relief, and the State Public Defender appeared on his behalf but withdrew in April 2011. Attorney Douglas Holland filed an appearance and a motion for modification of sentence. A hearing was held on the petition for post-conviction relief and the motion for modification of sentence on June 2, 2011. On July 18, 2011, the court denied the petition and the motion.

Smith now appeals the denial of his petition for post-conviction relief. Specifically, he contends that post-conviction counsel was ineffective by failing to call his original trial counsel and appellate counsel as witnesses at the post-conviction hearing. The standard of review for the assistance of post-conviction counsel is not the same as that required under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is no constitutional right to counsel for post-conviction proceedings. All that due process requires in such cases is that counsel appear and represent a petitioner in a procedurally fair setting that resulted in a judgment of the court. *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989); *see also Hill v. State*, 960 N.E.2d 141, 145 (Ind. 2012).

In Smith's case that occurred. Counsel filed a motion for modification of sentence, appeared at the hearing, called three witnesses (including Smith), presented

testimony from them, admitted documentary evidence, and made an argument to the court on behalf of Smith. The hearing was held after notice in the courtroom before the regular judge.

Smith nonetheless argues that counsel essentially abandoned him by presenting evidence only on his motion to modify sentence. We disagree. Counsel appeared at the hearing and made arguments on Smith's behalf regarding his post-conviction petition. Moreover, the transcript of the hearing shows that counsel presented evidence in support of his post-conviction petition. We conclude that the requirements of *Baum* were clearly satisfied. *See Graves v. State*, 823 N.E.2d 1193, 1197 (Ind. 2005) (concluding *Baum* standard satisfied where counsel appeared at hearing, called petitioner as a witness, and submitted two affidavits).

Accordingly, we affirm the court's decision denying relief.

Affirmed.

RILEY, J., and BARNES, J., concur.